IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-129-F

| | |
|---|---|
| GLADYS M. FREEMAN, as Administratrix of the Estate of Roger Anthony, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JOHN P. TURNER, et al, | ) ) ) |
| Defendants. | ) |

O R D E R

This matter is before the court on the motions to seal [DE-49; DE-52] filed by defendants and plaintiff, respectively. The parties seek to seal exhibits to their briefing filed in connection with the defendants' motion for summary judgment. Specifically, defendants move to seal (1) a map scene from a State Bureau of Investigation ("SBI") report [DE-47-1]; (2) the SBI summary of interviews of witnesses who saw Roger Anthony's first fall [DE-47-2]; (3) a photograph of decedent Roger Anthony's head from the SBI report [DE-47-3]; and (4) medical records of Roger Anthony [DE-47-4]. Plaintiff seeks to seal (1) 2010 Nashville Police Department evaluation of Defendant John P. Turner [DE-51-1]; (2) a February 12, 2010 warning issued to Turner [DE-51-2]; (3) a March 19, 2010 EAP referral [DE-51-3]; (4) a November 11, 2010 warning issued to Turner [DE-51-4]; (5) Nashville Police Department form F-5B [DE-51-5]; (6) November 15, 2010 memorandum regarding Turner's performance [DE-51-6]; (7) medical records of Roger Anthony [DE-51-7; 51-9; 51-10]; (8) Turner SBI Interview [DE-51-8]; and (9) Letter of Williams [DE-51-9].

Local Civil Rule 79.2 governs the filing of sealed documents in this court, and provides, in pertinent part, that "[a] party desiring to file a document under seal must first file a motion seeking

leave in accordance with Section T of the CM/ECF Policy Manual." Section T of the Policy

Manual, in turn, provides:

> Except for motions filed under seal in accordance with Section T(1)(a)7 of this
> Policy Manual, each time a party seeks to file under seal, said party shall accompany
> the request with a motion to seal. The motion to seal may be filed without a
> supporting memorandum only if the filing party can cite a statute or rule (federal,
> local or standing order) that requires the filing to be sealed. Absent such authority,
> the filing party must submit a supporting memorandum that specifies:
> (i)     the exact document or item, or portions thereof, for which filing under sale
>         is requested;
> (ii)    how such request to seal overcomes the common law or the First Amendment
>         presumption to access;
> (iii)   the specific qualities of the material at issue which justify sealing such
>         material, taking into account the balance of competing interest in access;
> (iv)    the reasons why alternatives to sealing are inadequate; and
> (v)     whether there is consent to the motion.
>
> **In addition to the motion and the supporting memorandum, the filing party
> must set out such findings in a proposed order to seal, which should be
> submitted in accordance with Section M of this Policy Manual.**

Policy Manual, Rule T(1)(a)(1). The Policy Manual includes these requirements so that the court

may comply with Fourth Circuit precedent when ruling on motions to seal. *See, e.g., Stone v. Univ.

of Md.*, 855 F.2d 178, 180 (4th Cir. 1988) (explaining that prior to sealing court documents, a district

court must first determine the source of the public's right to access to the documents: the common

law or the First Amendment); *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984) (explaining the

procedures a district court must comply with prior to ordering that documents be sealed, including

making specific findings about why sealing is necessary and why less drastic alternatives to sealing

will not suffice).

In this case, the parties have filed motions to seal, but the motions do not comply with all

the requirements of Rule T(1)(a)(1) of the Policy Manual, including how the parties' requests to seal

overcome the common law or First Amendment presumption to access and the reasons why

2

alternatives to sealing are inadequate. Presumably, these deficiencies are due to the parties' belief that the terms of the Consent Protective Order [DE-26], as clarified by the Magistrate Judge Robert B. Jones, Jr.'s January 8, 2014 Order [DE-27], *require* them to file the exhibits under seal because they contain contents of an SBI file. *See* Def.'s Motion to Seal [DE-49] ¶¶ 6-8; Pl.'s Motion to Seal [DE-52] ¶¶ 5-8. Indeed, the parties request that in the event the court does not find good grounds to seal the exhibits, the court modify the January 8, 2014, Order [DE-27] to allow the parties to file the exhibits unsealed.

Neither the Consent Protective Order [DE-26] nor Judge Jones's January 8, 2014, Order can be deemed to permit the wholesale filing of documents under seal. *See In re Red Hat, Inc. Sec. Litig.*, 261 F.R.D. 83, 94 (E.D.N.C. 2009). Instead, the parties must comply with the requirements set forth in the Policy Manual.

Accordingly, the motions to seal [DE-49; DE-52] are DENIED without prejudice. The parties, or any other interested party, may file a renewed motion to seal within ten (10) days of the filing date of this order that complies with the requirements set forth in the Policy Manual and Fourth Circuit precedent.[1] During this time period, the Clerk of Court is DIRECTED to maintain the proposed sealed exhibits [DE-47; DE-51] under provisional seal. If no further motion to seal is filed within ten (10) days of the filing date of this order, the Clerk of Court is DIRECTED to unseal the proposed sealed exhibits. Both plaintiff and defendants are DIRECTED to notify counsel for the SBI of this court's ruling. The court reserves ruling on the defendants' Motion for Summary Judgment [DE-46].

---

[1] The parties are advised that the fact that a document is a part of an investigative file or is a personnel record generally does not, in and of itself, justify sealing. *See Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *9-10, 11 n.6 (E.D.N.C. Dec. 11, 2014).

3

SO ORDERED.     This the 22 day of January, 2015.

_____
James C. Fox
Senior United States District Judge

4